IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 1 ; 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| GENE BREWER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-06-064 |
| | § | |
| INTERNATIONAL CATASTROPHE | § | |
| INSURANCE MANAGERS, LLC, and | § | |
| RANDY THORNTON, | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

BE IT REMEMBERED, that on November/12, 2006, the Court considered Plaintiff's Motion to Strike Expert, Dkt. No. 25, and Defendants' Response to Plaintiff's Motion Strike [sic] Expert, Dkt. No. 27.

I.    **Background**

On November 8, 2005, Plaintiff filed this action in state court alleging Defendants engaged in age discrimination, negligent hiring and/or supervision, and intentional infliction of emotional distress when Defendants terminated Plaintiff's employment on or about January 31, 2005. Dkt. No. 1, Ex. B. Defendants removed this action to this Court on April 5, 2006. Dkt. No. 1. Pursuant to the Court's Scheduling Order entered on July 10, 2006, which was based in part on the Parties' Proposed Scheduling Order, discovery was to be completed by October 4, 2006. Dkt. Nos. 9, 12.

On October 25, 2006, Plaintiff filed the instant motion asking the Court to strike Defendants' Expert, Richard Cortez, "because Defendants failed to produce him for deposition after three (3) timely requests by Plaintiff for his deposition." Dkt No. 25, at 1. Additionally, Plaintiff asserts that "Defendants' failure to respond to Plaintiff's repeated request for their expert's deposition is nothing more than gamesmanship that should not

be countenanced by the Court." *Id.* at 5. In response, Defendants' maintain that "Plaintiff had the ability to properly serve a deposition notice, but he failed to do so" within the discovery period, and "Defense counsel did nothing contrary to the Federal Rules of Evidence." Dkt. No. 27, at 5.

## II.   Standard

Federal Rule of Civil Procedure 30 governs depositions upon oral examination, and Rule 26 governs discovery and duties of disclosure. Plaintiff requests relief, in the form of striking Defendants' expert, pursuant to Federal Rule of Civil Procedure 37 and the inherent powers of this Court to impose sanctions on a party. Dkt. No. 25, at 1, 4. Rule 37(c)(1) provides for the exclusion of a witness or information at a trial, hearing, or on a motion when, without justification, a party fails to abide by Rules 26(a), 26(e)(1), or 26(e)(2) by not disclosing such witness or information as required by those rules. FED. R. CIV. P. 37(c)(1). The rule also allows a Court to award reasonable expenses to a party when another party, managing agent of a party, or a designated corporate representative unjustifiably fails to appear at a properly noticed deposition. FED. R. CIV. P. 37(d)(1). Additionally, the Court has inherent powers "to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991).

## III.   Analysis

Based on the evidence currently before the Court, there were three occasions where Plaintiff either made specific requests to Defendants or provided Defendants with an opportunity to suggest deposition dates for Mr. Cortez. Dkt. No. 25, Ex. 2, at 8; Dkt. No 25, Exs. 3, 4. Each of these requests occurred either before or on the discovery deadline date. *Id.*; Dkt. No. 12. Defendants failed to respond to any of Plaintiff's requests. However, each of Plaintiff's requests listed above were merely attempts to schedule Mr. Cortez's deposition. Plaintiff never sent a notice of intent to depose Mr. Cortez, nor did Plaintiff subpoena Mr. Cortez for a deposition, within the discovery period provided in the Court's scheduling order, Dkt. No. 12. Thus, although Plaintiff characterizes Defendants' behavior as failing to produce Mr. Cortez for deposition, there was never an occasion during the

-2-

discovery period where Mr. Cortez was actually required to attend a deposition. Instead, Defendants' behavior can be generously described as uncooperative.[1]    Despite this behavior, however, Plaintiff could have noticed the deposition of Mr. Cortez and issued a subpoena to compel his attendance, while the discovery period was still open.[2]

The Court is cognizant of the short time-frame between Defendants' designation of Mr. Cortez and the end of the discovery period, as well as Defendants' lack of cooperation in failing to suggest possible deposition dates. However, the facts of the present situation do not provide a basis for striking Mr. Cortez as Defendants' expert.    Defendants designated Mr. Cortez as an expert and produced his report to Plaintiff within the time provided in the Court's scheduling order, Dkt. No. 12. Dkt. No. 25, at 1; Dkt. No. 25, Ex. A.    Although Defendants' behavior is conduct unbecoming officers of the Court, Defendants did not violate any Court order, legal notice, or the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 26, 37.  Furthermore, although the Court has the inherent power to impose sanctions on a party for abusing the judicial process, Defendants' conduct in the present situation is not so egregious as to warrant sanctions. *See Chambers*, 501 U.S. at 42–46, 51 (1991) (finding that a party's behavior, consisting of evidence of bad faith and an attempt to perpetuate fraud on the court, was sanctionable); *see* Frame v. S-H, Inc., 967 F.2d 194,194–203 (5th Cir. 1992) (determining that the district court properly imposed sanctions against a party who had engaged in "gross abuse of discovery procedures" over several years). Therefore, the Court determines that it is not appropriate to strike Mr. Cortez as Defendants' expert.

---

[1] The Court notes that Defendant's failure to propose any deposition dates shows a lack of compliance with Chamber Rule of Civil Procedure 5K, which provides that "[d]iscovery disputes, especially those dealing with (1) scheduling . . . should be resolved by counsel without the Court's intervention."

[2] The court is aware of Plaintiff's attempt to depose Mr. Cortez on October 19, 2006 – a date that was after the discovery period had expired. Plaintiff did not ask the Court for leave to conduct that deposition. Therefore, based on the evidence before the Court at that time, the deposition was terminated by a Court Order dated October 18, 2006. Dkt. No. 22.

IV.     **Conclusion**

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Strike Expert.  Dkt. No. 25.

DONE at Brownsville, Texas, this _16_ day of November, 2006.

Hilda G. Tagle
United States District Judge